IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal No. 2017-44 |
| ) | |
| SPENCER WAYNE ALLEN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the Court is defendant Spencer Wayne Allen's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." [ECF 95].[1] As an initial matter, the Court must conduct an initial review pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

On February 27, 2018, the defendant pled guilty to one count of arson and two counts of vandalism. [ECF 82]. The District Court entered Judgment on August 14, 2018, sentencing the defendant to 93 months of incarceration on each count, to be served concurrently. [ECF 94] at 2. The defendant did not appeal his conviction.

Under § 2255, an evidentiary hearing "shall" be granted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Further, Rule 4(b) of the Rules Governing § 2255 Proceedings provides as follows:

> The motion, together with all of the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly

---

[1] An individual "seeking relief from federal custody files a motion to vacate, set aside, or correct sentence, rather than a petition for habeas corpus." Rule 1 of the Rules Governing Section 2255 Proceedings Advisory Committee Notes (1976).

>appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Thus, summary dismissal under Rule 4(b) is appropriate without a hearing when the petition's "allegations do not state a claim for relief or are so palpably incredible or so patently frivolous or false." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

In the instant petition, the defendant asserts three grounds for seeking relief, none of which is credible. In Ground One, labeled "Signal (Fire Signal) United States Navy," the defendant claims that he "was attempting to signal the U.S. Navy in regard to mental distress due to electronic monitoring" and that he was "a Fire Science student at Gulf Coast Community College, Panama City, Florida." [ECF 95] at 4. In Ground Two, labeled "Attorney (Spender W. Allen) Washington D.C.," the defendant claims to be an attorney. *Id.* at 5. Finally, in Ground Three, labeled "My family (Walker) (United States Marine Corp) State of Alabama requested 2 men to become presidents," the defendant claims to be possibly related to President George Herbert Walker Bush and President George W. Bush. *Id.* at 6.[2] In sum, the defendant's allegations are patently frivolous.

For the foregoing reasons, IT IS HEREBY RECOMMENDED as follows:

(1) that defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [ECF 95] be DENIED without an evidentiary hearing; and

(2) that a certificate of appealability be DENIED.[3]

---

[2] In Section 13 [ECF 95] at 9, defendant contends that one of his grounds is "United States Marine Corp."

[3] When a district court issues a final order on a § 2255 motion, it must also determine whether it will permit

*USA v. Allen*
Criminal No. 2017-44
Page 3

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:** March 4, 2021                                S\_____
                                                                           **RUTH MILLER**
                                                                           United States Magistrate Judge

---

a certificate of appealability. 3d Cir. L.A.R. 22.2; Fed. R. App. P. 22(b)(1). A district court will issue a certificate of appealability only upon a finding of a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating that a certificate of appealability shall issue only if the petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). Here, the record fails to show a violation of petitioner's constitutional rights. Accordingly, a certificate of appealability should be denied.