## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cr-0044** |
| | ) | |
| **SPENCER WAYNE ALLEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

**BEFORE THE COURT** is Defendant Spencer Wayne Allen's ("Allen") Motion under 28 U.S.C. § 2255 to Vacate, Set aside, or Correct Sentencing by a Person in Federal Custody. (ECF No. 95.) The Magistrate Judge issued a Report and Recommendation recommending that the Court deny the motion without an evidentiary hearing. (ECF No. 98.) For the reasons stated below, the Court will adopt the Report and Recommendation and deny the motion to vacate, set aside, or correct sentencing without an evidentiary hearing.

On February 27, 2018, Allen pled guilty to one count of arson and two counts of vandalism. (ECF No. 82.) The District Court entered Judgment on August 14, 2018, sentencing Allen to 93 months of incarceration on each count, to be served concurrently. (ECF No. 94 at 2.) Allen did not appeal his conviction. Allen filed this instant section 2255 motion on October 20, 2020. (ECF No. 95.) The Magistrate Judge issued a Report and Recommendation on March 4, 2021. (ECF No. 98.)

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). When a party is served by mail pursuant to Fed. R. Civ. P. 5(b)(2)(C),[1] the 14-day time-period within which a

---

[1] Under Fed. R. Civ. P. 5(b)(2)(C) a "paper is served under this rule by mailing it to the person's last known address—in which event service is complete upon mailing."

*United States v. Allen*
Case No. 3:17-cr-0044
Order
Page 2 of 4

party may object to a magistrate judge' report and recommendation is extended to 17 days. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *see also Pearson v. Prison Health Serv.*, 519 F. App'x 79, 81 (3d Cir. 2013) (explaining that when a party is served with a report and recommendation by mail, the period to file objections is 17 days).

When a magistrate judge issues a report and recommendation, the Court is required to review *de novo* only those portions of the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3). When no objection to a magistrate judge's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting that while 28 U.S.C § 636(b)(1) "may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of plain error") (internal quotations omitted).

Here, Allen was served with a copy of the Report and Recommendation by mail on March 5, 2021. *See* Hard Copy Notice on March 5, 2021. Although Allen made three filings during the 17-day objection period, none of the filings provided specific objections to the March 4, 2021 Report and Recommendation. Allen's first filing simply stated, "I Need to appear back in court." (ECF No. 100.) Allen's subsequent filing, that same day, similarly stated, "I want to go back to court to get a proper sentence."[2] (ECF No. 101.) In his last filing during the objection period, Allen attempted to raise a claim of ineffective assistance of

---

[2] Allen also notes that he is currently on psychotropic medication in a Tucson, Arizona penitentiary. (ECF No. 101.) However, Allen fails to explain why his current health and incarceration status entitles him to an evidentiary hearing.

*United States v. Allen*
Case No. 3:17-cr-0044
Order
Page 3 of 4

counsel as a new ground for relief. Not only does Allen fail to provide any specific basis for his ineffective assistance of counsel claim, the claim also does not constitute an objection to the Magistrate Judge's March 4, 2021 Report and Recommendation as Allen never raised ineffective assistance of counsel as a basis for relief in his original section 2255 motion.[3] (ECF No. 95.) Moreover, even if it was procedurally proper for Allen to amend his section 2255 motion after the Magistrate Judge issued the Report and Recommendation, Allen's ineffective assistance of counsel claim is time barred as it was raised after the one-year statute of limitations for 2255 motions and does not relate back to an earlier timely motion.[4] Therefore, after reviewing the record, the Court finds no specific objections to the March 4th Report and Recommendation. Accordingly, the Court will review the Report and Recommendation for plain error.

To reject or modify a report and recommendation under plain error review, a district court must find an error that is "plain, affects substantial rights, and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ludwikowski* 944 F.3d 123, 137 (3d Cir. 2019) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)). "A 'plain' error is one that is 'clear' or 'obvious.'" *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 364 (3d Cir. 2010) (quoting *United States v. Turcks*, 41 F.3d 893, 897 (3d Cir. 1994)). After reviewing the record in this case and the March 4, 2021 Report and Recommendation, the Court finds no error, let alone plain error.

---

[3] Allen's grounds for relief under section 2255 were as follows: (1) he "was attempting to signal the U.S. Navy in regard to mental distress due to electronic monitoring" when he committed the act of arson; (2) he was "a fire science student at Gulf Cost Community College;" (3) he is an attorney in Washington D.C.; (4) he is potentially related to George Herbert Walker Bush and George W. Bush. (ECF No. 95.)

[4] The Antiterrorism and Effective Death Penalty Act of 1996 establishes a 1-year limitation for section 2255 motions, "running from the latest of" four specified dates. 28 U.S.C. § 2255(f). As in most section 2255 cases, the relevant date is the date that the judgement of conviction became final. *Id.* Therefore, Allen had to raise his ineffective assistance of counsel claim within one-year of his conviction becoming final by the conclusion of direct review or the expiration of the time for seeking such review. *See id.* Here, Allen's conviction became final on August 28, 2018, since that was the date Allen could no longer seek direct review. Therefore, raising the claim on March 8, 2021, was untimely. Additionally, Allen cannot rely on relation-back rule under Rule 15 in order to tie his ineffective assistance of counsel claim to his original 2255 motion because this claim is unrelated to the claims raised in his original motion and because the original 2255 motion was untimely.

*United States v. Allen*
Case No. 3:17-cr-0044
Order
Page 4 of 4

Rule 4(b) requires the Court to summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Fed. R. § 2255 Proceedings 4(b); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) ("vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.") (citing *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988)). In this case, Allen makes four vague and demonstrably frivolous claims that fail to establish a basis for relief.[5] Therefore, the Magistrate Judge was not in error for recommending that Allen's 2255 motion be summarily denied.

For the foregoing reasons, the Court will adopt the March 4, 2021 Report and Recommendation and deny the motion to vacate, set aside, or correct sentencing without an evidentiary hearing.

The premises considered, it is hereby

**ORDERED** that the March 4, 2021 Report and Recommendation, ECF No. 98, is **ADOPTED**; it is further

**ORDERED** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 95, be **DENIED** without an evidentiary hearing; it is further

**ORDERED** that a certificate of appealability is **DENIED;** and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** the companion civil case of *Allen v. United States*, Case No. 3:20-cv-00105.

**Dated:** November 29, 2022                          /s/   *Robert A. Molloy*
                                                  **ROBERT A. MOLLOY**
                                                  **Chief Judge**

---

[5] *See supra* note 3.